IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KT IMAGING USA, LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>FUJIFILM HOLDINGS CORPORATION and FUJIFILM HOLDINGS AMERICA CORPORATION,<br><br>                                 Defendants. | Civil Action No.: 1:22-cv-8248<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff KT Imaging USA, LLC ("KTI" or "Plaintiff"), by way of this Complaint against Fujifilm Holdings Corporation and Fujifilm Holdings America Corporation (collectively, "Fujifilm" or "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff KT Imaging USA, LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 106 E 6th Street, Suite 900, Austin, TX 78701.

2. On information and belief, Defendant Fujifilm Holdings Corporation is a corporation organized and existing under the laws of Japan, having its principal place of business at 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052.

3. On information and belief, Defendant Fujifilm Holdings America Corporation is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595.

1

**JURISDICTION AND VENUE**

4. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Fujifilm of claims of U.S. Patent No. 6,876,544 and U.S. Patent No. 7,196,322 (collectively "the Patents-in-Suit").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Fujifilm Holdings Corporation is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) Fujifilm Holdings Corporation has committed and continues to commit acts of patent infringement in the State of New York, including by making, using, offering to sell, selling, and/or importing the accused products into New York including in this Judicial District; (ii) Fujifilm Holdings Corporation purposefully supplies and directs the accused products for storage, warehousing, and/or sales by distributors and resellers in the State of New York including in this Judicial District; (iii) Fujifilm Holdings Corporation delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York including in this Judicial District and derive revenues from products sold to New York residents.

7. In addition, or in the alternative, this Court has personal jurisdiction over Fujifilm Holdings Corporation pursuant to Fed. R. Civ. P. 4(k)(2).

8. Venue is proper in this district under 28 U.S.C. 1391(c) because, *inter alia*, Fujifilm Holdings Corporation is a foreign corporation.

9. Fujifilm Holdings America Corporation is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief (i) Fujifilm Holdings America Corporation maintains a regular and established place of business in this Judicial District located at 200 Summit Lake Drive, Valhalla, New York 10595; (ii) Fujifilm Holdings America Corporation sells products and services to customers in this Judicial District, (iii) the patent infringement

claims arise directly from Fujifilm Holdings America Corporation's continuous and systematic activity in the State of New York; and (iv) Fujifilm Holdings America Corporation actively employs and seeks the services of New York residents in the State of New York.

10. Venue is proper as to Fujifilm Holdings America Corporation in this Judicial District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, Fujifilm Holdings America Corporation has a regular and established place of business in this Judicial District located at 200 Summit Lake Drive, Valhalla, New York 10595 and has committed acts of patent infringement in this Judicial District and/or has contributed to or induced acts of patent infringement by others in this Judicial District.

## BACKGROUND

11. On April 5, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,876,544 ("the '544 Patent"), entitled "Image Sensor Module and Method for Manufacturing the Same."

12. On March 27, 2007, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,196,322 ("the '322 Patent"), entitled "Image Sensor Package."

13. KTI is the assignee and owner of the right, title, and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement it.

14. Fujifilm has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States video technology products, such as cameras with image sensors. The Accused Products include at least the Instax mini LiPlay, Instax mini Evo, and Instax SQUARE SQ20.

## COUNT I: INFRINGEMENT OF THE '544 PATENT BY FUJIFILM

15. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

16.     On information and belief, Fujifilm has infringed the '544 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products and all other products with substantially similar imaging sensors.

17.     For example, on information and belief, Fujifilm has infringed and continues to infringe at least claim 1 of the '544 Patent by including an image sensor module to be mounted to a printed circuit board in the Accused Products, including the Fujifilm Instax Mini LiPlay product. *See* Ex. 1 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor). The image sensor module in the Accused Products comprises a substrate having an upper surface formed with a plurality of first connection points, and a lower surface formed with a plurality of second connection points, which is electrically connected to the printed circuit board. *See* Exs. 1, 2, and 3 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor and images of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module further comprises a photosensitive chip mounted to the upper surface of the substrate. *See* Ex. 1 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor). The image sensor module further comprises a plurality of wires for electrically connecting the photosensitive chip to the first connection points on the upper surface of the substrate. *See* Ex. 2 (image of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module further comprises a frame layer mounted to the upper surface of the substrate to surround the photosensitive chip, an inner edge of the frame layer being formed with an internal thread from top to bottom, and a transparent layer being fixed by the frame layer such that the photosensitive chip may receive optical signals passing through the transparent layer. *See* Exs. 1 and 4 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor and

image of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module further comprises a lens barrel formed with a chamber at the center thereof and an external thread at an outer edge thereof, the external thread being screwed to the internal thread of the frame layer, wherein the lens barrel has a through hole and an aspheric lens from top to bottom. *See* Ex. 1 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor).

18. On information and belief, Fujifilm has induced infringement of the '544 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated image sensor technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

19. On information and belief, Fujifilm has committed the foregoing infringing activities without a license.

## COUNT II: INFRINGEMENT OF THE '322 PATENT BY FUJIFILM

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. On information and belief, Fujifilm has infringed the '322 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products and all other products with substantially similar imaging sensors.

22. For example, on information and belief, Fujifilm has infringed and continues to infringe at least claim 1 of the '322 Patent by including an image sensor module in the Accused Products,

including the Fujifilm Instax Mini LiPlay product. *See* Ex. 1 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor). The image sensor module structure in the Accused Products comprises a substrate having an upper surface, and a lower surface on which second electrodes are formed. *See* Exs. 1 and 3 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor and image of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module structure in the Accused Products further comprises a frame layer arranged on the upper surface of the substrate, a cavity formed between the frame layer and substrate, and a plurality of first electrodes are formed on the frame layer. *See* Ex. 2 (image of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module structure in the Accused Products further comprises a photosensitive chip mounted on the upper surface of the substrate and located within the cavity, and electrically connected to the first electrodes of the frame layer. *See* Exs. 1 and 2 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor and image of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module structure in the Accused Products further comprises a lens holder having an upper end face, a lower end face, and an opening penetrating through the lens holder from the upper end face to the lower end face, the upper end of the opening formed with an internal thread and the lower end of the opening formed with a breach, so that the internal diameter of the upper end of the opening is smaller than the lower end of the opening, the lens holder adhered on the upper surface of the substrate by glue, wherein, the frame layer is located within the breach of the lens holder. *See* Exs. 1 and 5 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor and image of the Fujifilm Instax Mini LiPlay image sensor with the internal components exposed). The image sensor module structure in the Accused Products further comprises a lens

barrel having an upper end face, a lower end face, and an external thread screwed to the internal thread of the lens holder.  *See* Ex. 1 (cross-sectional image of the Fujifilm Instax Mini LiPlay image sensor).

23. On information and belief, Fujifilm has induced infringement of the '322 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated image sensor technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

24. On information and belief, Fujifilm has committed the foregoing infringing activities without a license.

## PRAYER FOR RELIEF

WHEREFORE, KTI prays for judgment in its favor against Fujifilm for the following relief:

    A.    Entry of judgment in favor of KTI against Fujifilm on all counts;

    B.    Entry of judgment that Fujifilm has infringed the Patents-in-Suit;

    C.    An order permanently enjoining Fujifilm from infringing the Patents-in-Suit;

    D.    Award of compensatory damages adequate to compensate KTI for Fujifilm's infringement of the Patents-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

    E.    KTI's costs;

    F.    Pre-judgment and post-judgment interest on KTI's award; and

G.      All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff KTI hereby demands trial by jury in this action of all claims so triable.

Dated: September 27, 2022

/s/ Dmitry Kheyfits
Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore (*pro hac vice* to be filed)
bmoore@kblit.com
KHEYFITS BELENKY LLP
108 Wild Basin Road, Suite 250
Austin, TX 78746
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
hgcohen@kblit.com
KHEYFITS BELENKY LLP
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*KT Imaging USA, LLC*